## COUNTIES OF WASHINGTON, NEWPORT, BRISTOL, AND KENT,

DURING THE SPRING CIRCUIT, 1857.

PRESENT :

Hon. SAMUEL AMES, CHIEF JUSTICE.
Hon. GEORGE A. BRAYTON, } JUSTICES.
Hon. ALFRED BOSWORTH. }

## COUNTY OF WASHINGTON, FEBRUARY TERM, 1857, AT SOUTH KINGSTON.

## WILLIAM R. FRAZIER, Administrator, v. GORTON BERRY.

Where a grantor of land retained a small lot of land on which his blacksmith's shop was situated, and in his deed conveying the land intervening between said lot and the highway, reserved, " a convenient open way across the granted premises from the grantor's now blacksmith's shop to the highway aforesaid, for the grantor, his heirs and assigns, to pass and repass, at all times forever hereafter," and had, with the allowance of the grantee, exercised the right reserved over a particular part of the granted premises for fifteen years by a settled, continued use. *Held*, that the way reserved was appurtenant to the lot, and not merely to the shop upon it; and that the grantee, or one claiming title under him, had no right, on account of the removal of the shop to another part of the lot retained by the grantor, to obstruct with a building the reserved way, thus located and defined by use, notwithstanding he had laid out another convenient way from the shop, as now placed, to the same highway.

ACTION ON THE CASE, brought by Daniel Lamphear, late of Westerly, and now prosecuted by the plaintiff, as his adminis-

trator, for the obstruction of a way, by the maintenance of a building across it from the 1st day of February, 1854, to the 17th day of April, 1854.

The declaration claimed in Lamphear, the right to a convenient open way over the land of Emory Babcock, from a small lot of land, with a blacksmith's shop upon it belonging to Lamphear, to the highway leading from Paucatuck bridge to Champlin's wharf, so called, in the town of Westerly, as appurtenant to his said lot. Plea, the general issue, and joinder.

At the trial of the case, at the August term of this court, before the chief justice with a jury, it appeared, that Lamphear was formerly the owner of the whole tract of land, including the land now occupied by the defendant, as well as the small lot of land, about one sixteenth of an acre, with his blacksmith's shop upon it, mentioned in the declaration; and on the 17th day of March, 1836, by his deed of that date, conveyed the land intervening between his blacksmith's shop lot, and the highway, leading from Paucatuck bridge to Champlin's wharf, to Thomas G. Hazard, reserving, in the deed, the right of way in question, by the following words: "reserving, however, a convenient open way across the granted premises from the grantor's now blacksmith's shop to the highway aforesaid, (the highway leading from Paucatuck bridge to Champlin's wharf,) for the grantor, his heirs and assigns, to pass and repass, at all times, forever hereafter." It was admitted, for the purposes of the trial, that the title to the land conveyed by this deed to Hazard had passed from him to Emory Babcock, whose tenant the defendant was. It further appeared, that after Lamphear had used his right of way reserved, for about fifteen years, without objection, over a defined portion of the granted land, in passing and repassing to and from his shop, he removed the shop to another place in the same lot in which it stood at the time of the conveyance; whereupon, Babcock, the owner of the land, or the defendant, his tenant, placed a building directly across the way as it had been used, offering him, however, in its stead, another way from his shop to the same highway, quite as convenient, as it was claimed, but over other land which had been added to the granted land by being reclaimed from tide-

water since the execution by Lamphear of his conveyance. Lamphear rejected this offer; and at his death, two actions were pending, brought by him, against the defendant; one, for the original obstruction of the way by building across it, and the other, this action, for continuing the obstruction during the period above mentioned. The first of these actions had been dismissed for want of due prosecution, and the last was now brought to trial.

At the trial, the plaintiff offered the deed containing the reservation, which it was admitted was the title under which the defendant occupied the land; but the defendant objected to its passing to the jury, upon the ground, that it did not support the declaration, which set forth the right of way, claimed in it, as appurtenant to the whole lot of the plaintiff's intestate, whereas the deed reserved only a right of way appurtenant to his blacksmith's shop.

The presiding judge, notwithstanding the objection, admitted the deed to pass to the jury, as supporting the title of the plaintiff's intestate as claimed in the declaration, and instructed the jury, that the way reserved, if it had been located by the parties and defined upon the ground, which they had a right to presume from a continued use for fifteen years, could not be changed by either party, even to a place more convenient for both, without the consent of the other, and especially not to other land than that over which it was reserved.

A new trial was now moved for, upon the ground that the deed was improperly admitted to pass to the jury in proof of the right of the plaintiff's intestate as alleged in the declaration, and that the judge misdirected the jury in the above instruction.

*A. C. Greene* for the motion.

*Dixon* against it.

BRAYTON, J. The first exception of the defendant involves the construction of the deed offered in evidence, and of the reservation contained therein.

The defendant's counsel objected to the passing of the deed to the jury in support of the declaration, on the ground, that the reservation is not of a way from the whole lot retained by the grantor, but of a way from the shop only, or, at most, from

so much of the lot as the blacksmith's shop covered; and inasmuch as the plaintiff alleges a right of way from the whole of said lot, that the deed is not evidence of such a right, but of a more restricted right only. Thus, the question here raised is, whether the reservation in the deed is of a way from and to the whole of the grantor's lot, or of a way from and to the blacksmith shop only. The reservation is of a way "from the grantor's now blacksmith's shop," to the highway aforesaid, "for the grantor, his heirs and assigns to pass and repass, at all times, forever hereafter. Had the words, "the grantor's now blacksmith's shop," been omitted, there could have been no question as to the extent of the reservation; that it was a way from all the premises retained by the grantor; and the question is, how far these words limit this right, or whether they limit it at all. The reservation is not of a personal right to the grantor, but whatever the right is, it is one appurtenant to the estate which the grantor then had, and is to enure to his heirs and assigns, owners of that estate. It is to exist, "at all times forever hereafter."

Had it been intended by the parties that the right should be appurtenant to the shop only, or to the land only which it covered, there might have been added, after heirs and assigns, the words, "owners of the shop," or, "owners of the land covered by the said shop." This would clearly have limited the right as the defendant claims.

This right of way is to continue *forever hereafter.* It could not have been contemplated by the parties that a blacksmith's shop should have a very long continuance, and certainly not so long as would be implied from the terms here used. But the words are, from my *now* blacksmith's shop, implying an expected change, by which the now blacksmith shop should cease to exist. If these words are to limit the right at all, they must limit it in point of duration to the existence of this particular building, and could not be extended to another, though in the same place. This, we think, would be quite too strict a construction of the terms of the deed. But the words seem rather to have been used for the purpose of defining the terminus of the way, at the land of the grantor; and the shop is here referred to as a monument to mark that terminus. It is referred

to as any other fixed object might be ; as a rock, post, or stone set in the ground, which might serve to mark the point at which the way was to commence, and where the grantor might pass from his own land, and enter upon the land of the grantee, for the purpose of passing to the highway described.

The second exception of the defendant raises another question. The court ruled, that under the reservation of a convenient way, not defining the track or path to be travelled, it was competent for the parties to it, by agreement, to locate the way and define the path ; and when so located, it was not competent for one of the parties, without the consent of the other, to change it to another place ; and further ruled, that a continued use for fifteen years of a particular, definite track, for the purpose of passing and repassing, was evidence of such an agreement ; and these rulings were made in view of the fact, that the blacksmith's shop had been removed to another position on the grantor's land.

Upon the construction which we have given to this reservation, it is not necessary to consider the point which the defendant here makes, since it is based upon the assumption that the way reserved was a way appurtenant to the shop only, and for its use ; and that upon its removal, the grantor and his assigns had still a right of way to it, wherever it might be located, as distinct from the land, giving him the right to pass and repass directly to and from the same to the highway, and not circuitously, by the old path.

The two points ruled by the judge who tried the cause, are not objected to, as being unsound as general law, as indeed they cannot be, resting as they do, upon the soundest principles and upon settled decisions ; but the objection is made rather to the application of the rules announced to the facts of this case. Now we do not see that the fact of the removal of the shop to another point, distant from the way located by the parties and used by the plaintiff's intestate, in anywise changes the aspect of the case, from what it would have been if it had remained in its original position. The way reserved is a way to the highway, from the point where the shop stood at the time of the grant ; that point was the terminus of the way, which is not

changed by removing the building which marked it. The re-
moval of a monument or landmark cannot change the line
which the parties have established.

*Motion for new trial denied, with costs.*